Dear District Attorney Kyzar:
You have requested the opinion of this office on any prohibition against financial contributions to political campaigns or candidates for public office by members of fire and police civil service boards in cities whose population falls between 13,000 and 250,000 under La.Const. art. X, § 9 or any other state laws. As will be discussed further, it is the opinion of this office that such board members are not prohibited by the La.Constitution or other state laws from making financial contributions to political campaigns or candidates for public office, provided such board members are not also classified employees in the police or fire civil service system.
Louisiana Constitution Article X, Public Officials and Employees, is divided into several parts. Part I[1] provides for the state and city civil service; Part II[2] provides for the fire and police civil service. La.Const. art. X, § 9 delineates prohibited political activities. Art. X, § 9 is found in Part I and has no counterpart in Part II pertaining to the fire and police civil service. Moreover, Art. X, § 19, which is found in Part II, contains the following express exclusion:
 § 19. Exclusion
 Nothing in Part I of this Article authorizing cities or other political subdivisions to be placed under the provisions of said Part by *Page 2 
election, act of the legislature, or ordinance of the local governing authority shall authorize the inclusion in a city civil service system of firemen and policemen in any municipality having a population greater than thirteen thousand but fewer than four hundred thousand and operating a regularly paid fire and municipal police department or in any parish or fire protection district operating a regularly paid fire department. Such firemen and policemen are expressly excluded from any such system. [Emphasis added]
Given the express exclusion of fire and police personnel from the city civil service, and the location of Art. X, § 9 in Part I, but not in Part II, it is the opinion of this office that La.Const. art. X, § 9 pertaining to prohibited political activities does not apply to the fire and police civil service and therefore does not prohibit members of fire and police civil service boards from engaging in the political activities defined therein. To the extent Atty. Gen. Op. 94-457 is in conflict with this opinion, it is hereby withdrawn. However, La.Const. art. X, § 20, which is found in Part II, retained and continued in full force and effect Article XIV, § 15.1, Paragraph 34 of the La.Const. of 1921. The language from Paragraph 34 can now be found in La.R.S. 33:2504 and will be further discussed below.
Louisiana Revised Statutes Title 33, Chapter 5, Civil Service, [3] provides for civil service in municipalities and parishes. Chapter 5 is divided into several parts, of which Part II, found at La.R.S. 33:4271 et seq., is applicable to the fire and police civil service for cities with populations between 13,000 and 400,000 and which operate a regularly paid fire and police department. La.R.S. 33:2476 creates municipal fire and police civil service boards in the municipal governments and sets forth provisions governing such boards. La.R.S. 33:2477 sets forth the duties of such civil service boards, and La.R.S. 33:2479 authorizes civil service boards to adopt rules and regulations necessary to carry out its functions.
Nothing in Part II prohibits fire and police civil service board members from making financial contributions to political campaigns or candidates for public office. La.R.S. 33:2504 prohibits "employees of the classified service" from engaging in certain political activities, but is not is not applicable to civil service board members. However, if a board member is also an employee of the classified service, the board member will be governed by La.R.S. 33:2504 and thereby prohibited from making financial contributions to political campaigns or candidates public office.[4]
Therefore, it is the opinion of this office that members of the fire and police civil service boards in cities with populations between 13,000 and 250,000 are not prohibited by the La.Constitution or any other state laws from making financial *Page 3 
contributions to political campaigns or candidates for public office, provided such board members are not also employees of the fire and police classified service.
We trust this adequately addresses your issue. If you have any questions, please contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 BY: __________________________ Denise M. Brou Assistant Attorney General
 JDC:DBF:lbw
[1] La.Const. art. X, § 1- § 15.
[2] La.Const. art. X, § 16- § 20.
[3] La.R.S. 33:2391 et seq.
[4] La.R.S. 33:2504(A)(3).